
USCA1 Opinion

	




      [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit






No. 98-1040

                       PATRICK J. HIGGINS,

                      Plaintiff, Appellant,

                                v.

                      STATE OF RHODE ISLAND,

                       Defendant, Appellee.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF RHODE ISLAND

             [Hon. Mary M. Lisi, U.S. District Judge]



                              Before

                      Selya, Circuit Judge,
                Campbell, Senior Circuit Judge,
                     Lynch, Circuit Judge.
                                
                                



     Patrick J. Higgins on brief pro se.





October 8, 1998



                                
                                


            Per Curiam.  Patrick J. Higgins has appealed the
    district court's sua sponte dismissal of his complaint for lack
    of subject matter jurisdiction.  We agree with the district
    court that 28 U.S.C.  2254 was wholly inapplicable as a basis
    for jurisdiction.  Section 2254 pertains to a prisoner in
    custody pursuant to a judgment of conviction of a state court
    and Higgins has not yet been convicted of the pending Rhode
    Island charges.  See 28 U.S.C.  2254 ("[T]he district court
    shall entertain an application for a writ of habeas corpus in
    behalf of a person in custody pursuant to the judgment of a
    State court only on the ground that he is in custody in
    violation of the Constitution or laws or treaties of the United
    States.").  (Emphasis added).
              We disagree with the district court, however, to the
    extent that it concluded that Higgins' complaint was not
    properly construed as an application for a writ of habeas
    corpus.  A prisoner may properly bring a pretrial habeas
    petition under 28 U.S.C.  2241, which empowers a district
    court to issue a habeas writ before a judgment is rendered in
    a criminal proceeding.  Furthermore, if Rhode Island lodged a
    detainer against Higgins (as he appears to have alleged),
    Higgins is "in custody" for habeas purposes pursuant to that
    Rhode Island detainer.  See Braden v. 30th Judicial Circuit
    Court of Kentucky, 410 U.S. 484, 488-89 (1973) (holding that a
    prisoner incarcerated in Alabama and serving an Alabama
    statsentence and who was under indictment in Kentucky was "in
                                  2
    custody" pursuant to a Kentucky detainer and may file a habeas
    action seeking to enforce Kentucky's obligation to bring him
    promptly to trial).
              Nonetheless, "[w]e will affirm a correct result
    reached by the court below on any independently sufficient
    ground made manifest by the record."  Hodgens v. General
    Dynamics Corp., 144 F.3d 151, 173 (1st Cir. 1998) (internal
    quotation marks and citation omitted).  A  2241 habeas
    petition must exhaust his available state court remedies.  SeeBraden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at
    489-92.  Higgins contends that he filed a petition for a writ
    of mandamus in the Rhode Island Supreme Court invoking his
    right to a speedy trial.  He did not provide a copy of the
    substance of that petition with his federal court filing. 
    Assuming that this is the only demand for speedy trial Higgins
    made in the state court (and he does not indicate otherwise),
    it is doubtful that this submission satisfies Higgins'
    obligation to exhaust all available state remedies as a prelude
    to his federal habeas action.  The applicable Rhode Island
    rules suggest that a speedy trial demand ought to be presented
    in the first instance in the state trial court.  See Sup. Ct.
    Rules, Art. I, Rule 13(a) (reciting that a petition for an
    extraordinary writ shall include, inter alia, "a statement
    setting forth with particularity why the relief sought is not
    available in any other court, or cannot be had through other
    appellate processes").  Moreover, although Higgins did provide
    a copy of the state Supreme Court's order denying his mandamus
    petition, it was a summary denial, and the applicable rules
    also provide, in relevant part, that "[a] denial of a petition,
    without more, is not an adjudication on the merits, and such
    action is to be taken as being without prejudice to a further
    application to this court or any court for the relief sought." 
    Sup. Ct. Rules, Art. I, Rule 13(c).  It is Higgins' burden to
    establish that he has exhausted all available state remedies
    and, to the extent that the record is unclear on this point,
    that failing befalls Higgins.  See Nadworny v. Fair, 872 F.2d
    1093, 1098 (1st Cir. 1989).
              Two additional considerations inform our
    determination that affirmance is fair and appropriate.  One,
    the Rhode Island Supreme Court's order denying mandamus related
    that Higgins is represented by counsel "in Superior Court
    proceedings related to the instant mandamus petition."  If
    Higgins' allegation that his right to speedy trial is being
    violated has any merit, it is reasonable to assume that his
    current counsel can effectively address that issue in the state
    courts.  Second, Higgins has recently notified this court of a
    change of address.  He provided a current address of a post
    office box in Swansea, Massachusetts, as well as a
    Massachusetts telephone number.  It appears therefore that, to
    the extent that Higgins' complaint was based on Mississippi's
    denial of parole due to the pending Rhode Island charges, that
    particular concern no longer pertains.
              For the foregoing reasons, the order of the district
    court dismissing the complaint is affirmed.

